Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Off-White, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFF-WHITE LLC,<br><br>*Plaintiff*<br><br>v.<br><br>AMAZ0N C0M, ANCX, ANSUDA, AXINGING, B1T, BALINSHANGMAO, CANGYCH8829, CHAIYONGQIANG01, CHENGDUJINZHILISHANGMAOYOUXIANGONGSI, CHENLUN258, CNLANNUOSHANGMAO, DANZHOUAOLIANDIANZISHANGWUYOUXIANGONGSI, DUANEEOUZHOU, FANCER, FASHION LANYARD STORE, FENGXIANGRUI, FUDU DEPARTMENT STORE, FYERU-STORE, GENGXIAOYI123, GETRICH LTD., GUANGXILIANNATESHANGMAOYOUXIANGONGSI77, HBZFA, HIDMEAHSTORE, JBCHEN, JINANLIUQI, JIUJIANGHUANGYUNYANG, JOPEDIN STORE, JUNGLEYELLOW, KELVQ, LAILIAN, LIQIUZEN, LUCYCULTURE, MAHONGRONGDIANZIKEJI, MISTUQI, NBMARLS, NDGDJS, OPIHAZAT, QUHELI, SHENZHENSHIAISHENGFEIKEJIYOUXIANGONGSI, SMPILI DIRECT, SUGEBEAUTY, SUXINGBAIHUOSHANGHANG, TUTUJAP- | CIVIL ACTION No.<br>23-cv-1064 (JSR)<br><br>[PROPOSED]<br>FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER |

TRADEMARK NO.97566581, VIWZ, WEISITE, WENCHANGHOUYUTINGKEJIYOUXIANGONGSI, WZOYMU-US, XIAMENBILIEBOXINXIKEJIYOUXIANGONGSI, XIAMENHOULIXIEMAOYIYOUXIANGONGSI, YBAQDJDL-US, YONGKUNS and ZZBFZD,

*Defendants*

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Off-White** | Off-White LLC | N/A |
| **Defendants** | AMAZ0N C0M, ANCX, Ansuda, Axinging, B1t, balinshangmao, cangych8829, chaiyongqiang01, chengdujinzhilishangmaoyouxiangongsi, chenlun258, Cnlannuoshangmao, DANZHOUAOLIANDIANZISHANGWUYOUXIANGONGSI, duaneeouzhou, Fancer, Fashion Lanyard Store, fengxiangrui, Fudu Department Store, FYERU-Store, gengxiaoyi123, Getrich Ltd., guangxiliannateshangmaoyouxiangongsi77, HBZFA, HidmeahStore, JBCHEN, JINANliuqi, JiuJiangHuangYunYang, JOPEDIN Store, Jungleyellow, kelvq, LAILIAN, LIQIUZEN, LucyCulture, mahongrongdianzikeji, MISTUQI, NBMARLS, Ndgdjs, OPIHAZAT, QuHeLi, shenzhenshiaishengfeikejiyouxiangongsi, Smpili Direct, Sugebeauty, suxingbaihuoshanghang, Tutujap-Trademark No.97566581, VIWZ, WEISITE, wenchanghouyutingkejiyouxiangongsi, WZOYMU-US, xiamenbilieboxinxikejiyouxiangongsi, xiamenhoulixiemaoyiyouxiangongsi, YBAQDJDL-US, YONGKUNS and ZZBFZD | N/A |
| **Defaulting Defendants** | AMAZ0N C0M, ANCX, Ansuda, Axinging, B1t, balinshangmao, cangych8829, chaiyongqiang01, chengdujinzhilishangmaoyouxiangongsi, chenlun258, Cnlannuoshangmao, DANZHOUAOLIANDIANZISHANGWUYOUXIANGONGSI, duaneeouzhou, Fashion Lanyard Store, fengxiangrui, Fudu Department Store, FYERU-Store, gengxiaoyi123, Getrich Ltd., guangxiliannateshangmaoyouxiangongsi77, HBZFA, HidmeahStore, JBCHEN, JINANliuqi, JiuJiangHuangYunYang, JOPEDIN Store, kelvq, LAILIAN, LIQIUZEN, LucyCulture, mahongrongdianzikeji, MISTUQI, NBMARLS, Ndgdjs, OPIHAZAT, QuHeLi, shenzhenshiaishengfeikejiyouxiangongsi, Smpili Direct, Sugebeauty, suxingbaihuoshanghang, Tutujap-Trademark No.97566581, VIWZ, WEISITE, wenchanghouyutingkejiyouxiangongsi, WZOYMU-US, xiamenbilieboxinxikejiyouxiangongsi, xiamenhoulixiemaoyiyouxiangongsi, YBAQDJDL-US, YONGKUNS and ZZBFZD | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a | N/A |

i

|  | Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |  |
|---|---|---|
| **Sealing Order** | Order to Seal File entered on February 6, 2023 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on February 8, 2023 | Dkt. 7 |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 | N/A |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on February 8, 2023 | Dkts. 13-15 |
| **Igel Dec.** | Declaration of Brian Igel in Support of Plaintiff's Application | Dkt. 15 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | Dkt. 14 |
| **Off-White Products** | A young, successful luxury fashion label founded by the late American creative designer Virgil Abloh, specializing in men's and women's lifestyle and high-end streetwear, as well as shoes, accessories, jewelry, homeware and other ready-made goods | N/A |
| **Off-White Marks** | U.S. Trademark Registration Nos.: 5,119,602 for "OFF WHITE" for a variety of goods in Class 25 with a constructive date of first use of January 25, 2012; 5,713,397 for "OFF-WHITE" for a variety of goods in Class 25; 5,710,328 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 9; 5,572,836 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 25; 5,710,287 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 14; 5,150,712 for [design] for a variety of goods in Class 18 and 25; 5,710,288 for [design] for a variety of goods in Class 14; 5,307,806 for [design] for a variety of goods in Class 18 and 25; 6,303,583 for [design] for a | N/A |

ii



| **Counterfeit Products** | Products bearing or used in connection with the Off-White Marks, and/or products in packaging and/or containing labels bearing the Off-White Marks, and/or bearing or used in connection with marks that are confusingly similar to the Off-White Marks and/or products that are identical or confusingly similar to the Off-White Products | N/A |
|---|---|---|
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on March 15, 2023 | TBD |

| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |
|---|---|---|

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Off-White Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Seventy-Five Thousand U.S. Dollars ($75,000.00) in

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

statutory damages ("Individual Damages Award") against each of the Fifty (50) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act for a total of Three Million Seven Hundred Fifty Thousand Dollars ($3,755,000.00), plus post-judgment interest.

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Off-White Marks;

   B. directly or indirectly infringing in any manner any of Plaintiff's Off-White Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Off-White Marks to identify any goods or services not authorized by Plaintiff;

   D. using any of Plaintiff's Off-White Marks, or any other marks that are confusingly similar to the Off-White Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product

    manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

    i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

    ii. Defaulting Defendants' Assets; and

    iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's

trademarks, copyrights or other rights including, without limitation, the Off-White Marks, or bear any marks that are confusingly similar to the Off-White Marks pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

   B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

   A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

   B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) above through III(4)(A) above.

### IV.   Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V. Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Ten Thousand U.S. Dollar ($10,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 27th day of March, 2023, at 4:55 p.m.

_____
HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE